# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-cr-84 (APM) |
| : | |
| **KYLER BARD,** : | |
| : | |
| Defendant. : | |

## UNITED STATES' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO VACATE TRIAL DATE

The United States of America respectfully opposes defendant's request to vacate the May 23, 2024, trial date. There is no need to vacate the trial date at this time. The parties are scheduled to appear before the Court in person on May 13, 2024, for a pretrial conference, and the defendant may enter his plea of guilty at that time. In support of this opposition, the government states as follows:

1. Defendant Kyler Bard is charged in a six-count indictment for his actions at the U.S. Capitol on January 6, 2021, including felony charges for assault and civil-disorder.

2. The six-count indictment was filed on March 15, 2023 (ECF No. 17).

3. On June 2, 2023, the Court informed the parties that, if they sought to enter into a plea agreement, the parties were to submit all plea paperwork to the Court by August 4, 2023.

4. The government extended a plea offer to defendant, which is memorialized in a letter dated July 13, 2023. Under the plea agreement proposed in that letter, the defendant would have agreed to plead guilty to Count One of the Indictment, charging him with Assault of a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).

5. On July 17, 2023, the court granted an unopposed motion for a continuance and rescheduled a remote status conference from August 8, 2023, to September 7, 2023. Time was excluded under the Speedy Trial Act in part to allow defendant and his counsel to evaluate how to proceed in this case.

6. On September 7, 2023, another status conference was set for November 3, 2023.

7. On November 3, 2023, another status conference was set for December 8, 2023.

8. On December 8, 2023, the Court scheduled a bench trial for May 20, 2024 (which was subsequently rescheduled for May 23, 2024).

9. Yesterday, less than 30 days before trial, defendant filed a motion asking the Court to vacate the trial date and schedule a change-of-plea hearing. (ECF No. 36.) Defendant does not propose a date for a change-of-plea hearing but has asked for a conference call to schedule such a hearing.

10. The government does not take a position on the defendant's intent to plead guilty to the charges. The government, however, would like to make clear that it has not made any promises or offered any benefits in connection with any potential plea of guilty. Moreover, the proposed plea agreement dated July 13, 2023, has expired and its terms would not apply in any potential guilty plea entered by defendant.

11. The government strongly opposes vacating the trial date. As the Court is well aware, it is entirely possible for a defendant to reconsider entering a guilty plea and a defendant may change their mind at the very end of the plea colloquy. Where the parties are so close to trial, such as in this case, the effect of vacating a trial date presents the real possibility of unnecessary delay and a waste of the parties' and the Court's time and resources.

12. The parties are already scheduled to appear in person before the Court on May 13, 2024, at 1:30 p.m. The government proposes holding a change-of-plea hearing at that time, or in the alternative, at an earlier date that is convenient for defendant and the Court. The government sought the defense's position on the proposed date and has been informed by the defense that they cannot attend an in-person hearing in Washington, D.C. on May 13, 2024.

13. Considering the possibility that this matter might be resolved without the need for a trial, the government proposes that the deadline for filing the Joint Pretrial Statement be moved to May 13, 2024. The government sought the defendant's position on the proposed continuance of this deadline, but did not receive the defense's position.

In summary, the government opposes the request to vacate the May 23, 2024, trial date in this case, and respectfully asks for the Court to reschedule the deadline for a Joint Pretrial Statement to May 13, 2024.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:     /s/ Carlos A. Valdivia
Kyle Mirabelli
N.Y. Bar No. 5663166
Carlos A. Valdivia
D.C. Bar No. 1019242
Assistant United States Attorneys
601 D Street NW, Fifth Floor
Washington, D.C. 20530
E-mail: Carlos.Valdivia@usdoj.gov
Telephone: (202) 252-7508