# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-cr-00084 |
| ) | |
| KYLER J. BARD, ) | |
| ) | |
| Defendant, ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW**, Defendant Kyler J. Bard, by and through Counsel, Joseph S. Passanise of WAMPLER & PASSANISE, and moves this Court for a sentence of probation in accordance with the following Legal Suggestions:

## RELEVANT FACTORS IN THE INSTANT CASE

### I.  Offense Characteristics

Kyler Bard was 28 years old when he Pled Guilty to Count One of the Criminal Information, for Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 USC § 111(a)(1), Count Two of the Criminal Information, for Civil Disorder, in violation of 18 USC § 231(a)(3), Count Three of the Criminal Information, for Entering and Remaining in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(1), Count Four of the Criminal Information, for Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(2), Count Five of the Criminal Information, for Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 USC § 1752(a)(4), and Count Six of the Criminal Information, in violation of 40 USC § 5104(e)(2)(f) on May 28, 2024, (Pre-Sentencing Investigation Report hereinafter referred to as PSI at page 4, paragraph 4). Bard

has remained on Pre-Trial Supervision since January 17, 2023, and has had **no** violations during the pendency of this case.  He was 25 at the time of the incident.

Bard decided to travel to Washington, D.C. for the "Stop the Steal Rally" with other individuals and afterwards Bard returned to his hotel for lunch before making his way back to the Capitol (PSI at 6:16).

While at the Capitol, Bard remained on the grounds, did **not** enter any buildings, deface Capitol property, or try to enter any area of the Capitol as many other attendees chose to do. The factual basis for the charges arises out of an encounter with the police on January 6, 2021 at 3:30 p.m. (Attached Exhibit (1) regarding his behavior and actions on this date and time (https://ln5.sync.com/dl/aa50da430#bdnwgp8n-aj2yydpj-icrwu9jh-8ywweuhh)).   The estimated length of the relevant conduct was approximately 6 to 10 seconds, all of which was consistent with the offense conduct section of the presentence investigation report and video recordings made at the time of the incident.

The defendant's conduct included that the defendant was carrying and using a "bullhorn" to address other protesters. As the protesters approached police officers, defendant Bard, he made slight contact with the officer's jacket or arm, which was followed by one of the assembled officers spraying the defendant with pepper spray and/or tear gas and both falling down to the ground. This incident happened so quickly that he ran away upon getting up.  Once hit with pepper spray or tear gas, the defendant retreated from the scene and returned to his hotel room, thus ending his involvement in the protest. The defendant was never inside the capitol building and never returned to the capitol.

## II. Personal History

Kyler Bard was born in St. Joseph, Missouri on April 1, 1996, to his parents, still living, with one brother and one sister by same parents and another brother with same mother (PSI at 13:76-77). Bard has been married to Marrisa Bard since February 26, 2022 (PSI at 14:81). Bard has one daughter, Elliott, one year old, whom Bard continues to raise and support (PSI at 14:81).

Since January 2023, Bard has been employed as a sales representative at Bard and Bard, LLC in Joplin, Missouri (PSI at 16:96). Bard currently works for his father (PSI at 16:96). Bard has no mental or physical health issues, nor any substance abuse issues (PSI at 15:90-92).

Bard has **no prior significant criminal history** (PSI at 12:69). His time on pretrial supervision has been unremarkable and he has tried to better himself through community service.

## LEGAL SUGGESTIONS

### I. 18 U.S.C. § 3553(a) FACTORS APPLIED TO DEFENDANT

Pursuant to 18 U.S.C. § 3553(a)(1), the Court shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant. Under 18 U.S.C. § 3553(a)(2), the factors regarding a need for a sentence to be imposed include: (A) reflecting the seriousness of the offense to promote respect for the law and just punishment; (B) to afford adequate deterrents to criminal conduct; (C) to protect the public from further crimes; and (D) to provide the Defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner.

In the case-at-bar, Defendant, Bard, has been married two years and has one daughter whom he raises with his wife and works for a family business. All of these factors demonstrate that Bard has a strong sense of responsibility. Further, Bard continues to maintain a strong support system who holds him accountable including his wife, mother, father, grandparents,

brothers, sister, and friends. This suggests a better chance of leading a productive life after the conclusion of this matter than the average similarly situated Defendant. This offense has humbled him and made him take stock of his behavior and be extremely remorseful. His actions were wrong, and he was caught up in the moment as he never intended to hurry anyone especially an officer.  Ironically, Defendant wanted to be a law enforcement officer and had shown for a ride along the very night his Indictment was unsealed, and he was arrested.  Bard has otherwise lived a law-abiding life and still maintains an excellent reputation for his good character as evidenced by the numerous good character letters.

In considering 18 U.S.C. § 3553(a)(1), it is important to reiterate that Bard had no planned intention of entering the Capitol, was only on the Capitol Grounds, and did no damage to property.  Once he fell, he ran away.

Overall, 18 U.S.C. § 3553(a)(A) -(C) will be more than satisfied by a sentence of probation based on Bard's limited role in the entirety of the January 6 incident.  He served **5** days in jail from his arrest before being released.  That experience humbled him even more.  He has the accountability of his wife, child, family business, and **No** criminal history other than traffic.

II.     **CONCLUSION**

Pursuant to 18 USC § 3553(a), to a sentence of probation is respectfully recommended as sufficient, but not greater than necessary, as it reflects the seriousness of the offense, promotes respect for the law, provides just punishment, serves as a deterrent to criminal conduct, and protects the public from further crimes.  Such a sentence also takes into consideration the nature and circumstances of the offense and the history and characteristics of Bard. The evolution of the federal sentencing guidelines allows the Court to vary from the guideline calculation of offense conduct and to use its discretion in determining the sentence to be imposed. The defendant has

had an uneventful period of pretrial release, which strongly suggests compliant future conduct, the defendant has no history of violence or other criminal activity and is neither a flight risk nor a danger to community.

He has completed hundreds of hours of community service since this incident and works to better his community and the lives of others.  He is extremely remorseful and wants to apologize to the officer for his actions and what he did.  He regrets his behavior and is truly sorry.  Overall, he fits well within statutory guidance contained in Title 18, United States Code, Section 3553. One need only look at paragraphs 81-84 of the presentence investigation report to demonstrate his family history and the absence of factors usually associated with criminal conduct. A probationary sentence would satisfy the sentencing requirement of a sentence not greater than necessary but sufficient to advance respect for the law. Finally, the defendant has a negative net worth and is not able to pay a fine.

WHEREFORE, for each of the above stated reasons and in combination of all of the factors, Defendant respectfully requests probation be granted with special conditions under supervised release and for such other and further relief as the Court deems just and proper.

                    RESPECTFULLY SUBMITTED,

                    _____/s/Joseph S. Passanise_____
                    JOSEPH S. PASSANISE, MO Bar #46119
                    Attorney for Defendant

WAMPLER & PASSANISE
Attorneys at Law
2974 E. Battlefield
Springfield, MO  65804
joe@deewampler.com
PH: (417)882-9300
FAX: (417)882-9310

### Certificate of Service

    I hereby certify that on the 11th day of November 2024, I electronically filed the foregoing with the U.S. District Court Clerk for the Eastern District of Missouri using the CM/ECF system which sent notification of such filing to U.S. Attorney, St. Louis, Missouri.

                                                                        /s/Joseph S. Passanise
                                                                    Joseph S. Passanise
                                                                    Attorney at Law