UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-cr-84 (APM) |
| : | |
| **KYLER BARD,** : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response to Defendant Kyler Bard's Motion for Extension of Time to Self Surrender to the Federal Bureau of Prisons (ECF No. 60). The United States and counsel for defendant have met and conferred today. Defendant has agreed that a 30-day reporting delay would be appropriate, and the government would not be opposed to a 30-day extension.

On May 28, 2024, defendant pleaded guilty to the six counts in the Indictment that charged him with various criminal offenses for his actions during the January 6 attack on the U.S. Capitol. On November 15, 2024, this Court sentenced defendant to serve 12 months and 1 day of incarceration and 24 months of supervised release. The Court ordered defendant to report for his term of incarceration by January 15, 2025. ECF No. 55. Defendant was not taken into custody at the time of sentencing and, without government objection, he was permitted to voluntarily self-surrender. Defendant's motion asks this Court to delay reporting for 45 days because he accidentally set fire to a portion of his home and, consequently, he needs to deal with his insurance company and relocate his family. ECF No. 60 at 2. The government sympathizes with Mr. Bard and his family, but rarely granted reporting delays should not be longer than necessary.

Defendant asked in his motion for additional time to "litigate" with his insurance company. The parties conferred this afternoon, on January 7, 2025, and defendant has clarified, through counsel, that he is not filing a lawsuit against his insurance company. This clarification addresses the government's questions about what portion of the originally requested 45-day delay would be attributed to time devoted to a lawsuit. After conferring, defendant agrees that a 30-day reporting delay would be reasonable, and defendant represents that he will not seek additional extensions of time. The government is not opposed to a 30-day reporting delay in light of defendant's representations that he will not seek additional delays.

Reporting delays are unusual, arising only under compelling circumstances. In *United States v. Horning*, 21-cr-275 (ABJ) (D.D.C. Apr. 6, 2023), ECF No. 53, the court granted an unopposed request for a 45-day reporting delay to a defendant sentenced to 30 days of incarceration. The defendant in *Horning* needed time to file insurance claims and repair his home after it was destroyed by a tornado—a request that was discussed with government counsel. *Horning*, 21-cr-275, ECF No. 52. In this case, Bard has been sentenced to a much lengthier term of incarceration, but the government is not opposed to a 30-day reporting delay.

No further delays should be granted. "[T]imely reporting is the expectation and delay the exception, with the latter warranted only in the face of persuasive reasons." *United States v. Sheppard*, No. CR 21-203 (JDB), 2023 WL 6847010, at *2 (D.D.C. Oct. 17, 2023). The purposes behind criminal sentencing are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2387 (2011) ("[A] court must fashion a sentence 'to achieve the[se] purposes . . . to the extent that they are applicable' in a given case.") (quoting and citing 18 U.S.C. § 3551(a)). If the Court grants a 30-day reporting delay, defendant will start serving his sentence 8 months and 17 days after he pleaded guilty. Further delay would be unfair to the public,

2

3

which has an interest in speedy justice just like criminal defendants do, and would undercut respect for the rule of law.

For the foregoing reasons, the Court should deny in part Bard's motion to delay reporting and grant only the time necessary for defendant to get his affairs in order, which is 30 days. If the Court extends the deadline for defendant's self-surrender by 30 days, he should be ordered to report to the Bureau of Prisons by Friday, February 14, 2025.

        Respectfully submitted,

        Matthew M. Graves
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Carlos A. Valdivia*
        Carlos A. Valdivia
        D.C. Bar No. 1019242
        Kyle Mirabelli
        N.Y. Bar No. 5663166
        Assistant United States Attorneys
        601 D Street NW, Fifth Floor
        Washington, D.C. 20530
        E-mail: Carlos.Valdivia@usdoj.gov
        Telephone: (202) 252-7508