# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:23-cr-00084 |
| | ) |
| KYLER J. BARD, | ) |
| | ) |
| Defendant, | ) |

## MOTION TO DELAY FBOP REPORT DATE

COMES NOW Defendant, Kyler J. Bard, by and through Counsel Joseph S. Passanise and Thomas Carver of WAMPLER & PASSANISE and moves this Court to delay the current self-surrender date of February 14, 2025, to the Federal Bureau of Prisons. In support of this motion to delay his surrender date, the Defendant states as follows:

## LEGAL SUGGESTIONS

1. The defendant was sentenced on November 15, 2024, by this court to a year and one day.

2. Defendant was given an original report date of January 15, 2025.

3. Unexpectedly, Defendant Bards' house caught on fire and the government agreed to extend the self-surrender date to February 14, 2025. The Court ultimately issued an order changing the report date.

4. In an unprecedented action, President Trump pardoned and commuted the J6 defendants with an Executive Order issued on January 20, 2025.

5. The defendants that were in custody at the time of the President's Executive Order were commuted and released from FBOP.

6. Since January 20, 2025, the Department of Justice has been focusing on dismissing all J6 cases that have not been adjudicated to date. It is Bard's understanding that DOJ is in the process of determining the process and procedure regarding Defendant Bard's pardon. Since January 20, 2025, we have reached out to the government in regard to their position and timing on Defendant Bards' pardon. The government indicates they are working towards implementing the Executive Order. Defendant Bard seeks to continue the report date for an indefinite period of time until the Department of Justice has completed its procedure addressing the implementation of pardons. Defense Counsel has conferred with the government who does not oppose this request of tolling Defendant's time in which he must self-surrender.

7. Defendant Bard moves the Court for an order tolling the self-surrender report date in order for the pardon to be perfected and applied. If Defendant Bard was in custody at the time of the Executive Order his sentence would have been commuted.

WHEREFORE, Defendant Bard moves the Court to stay the execution of his sentence until such time as the government resolves outstanding issues surrounding the implementation of the Presidential Pardon and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

_____/s/Joseph S. Passanise_____
JOSEPH S. PASSANISE, MO Bar #46119
Attorney for Defendant

WAMPLER & PASSANISE
Attorneys at Law
2974 E. Battlefield
Springfield, MO  65804
joe@deewampler.com
PH: (417)882-9300
FAX: (417)882-9310

**Certificate of Service**

I hereby certify that on 27th day of January 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the U.S. Attorney, Washington, DC.

　　　　　　　　　　　　　　　　　　　　　　　_____/s/Joseph S. Passanise_____
　　　　　　　　　　　　　　　　　　　　　　　Joseph S. Passanise
　　　　　　　　　　　　　　　　　　　　　　　Attorneys at Law