**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-cr-00084 |
| ) | |
| KYLER J. BARD, ) | |
| ) | |
| Defendant, ) | |

**MOTION FOR POST CONVICTION RELIEF
PURSUANT TO
TITLE 28 UNITED STATES CODE 2255
OR
ALTERNATIVELY, TITLE 28, UNITED STATES CODE 2241**

COMES NOW Defendant, KYLER J. BARD, by and through counsel, Joseph S. Passanise of WAMPLER & PASSANISE, and for his motion for post-conviction relief pursuant to Title 28, United States Code §2255 or, in the alternative, Title 28, United States Code §2241, states as follows:

KYLER BARD previously entered his open plea of guilty in this cause of action and was subsequently sentenced by the Court on November 15, 2024, to a term of incarceration of one-year and one-day in the United States Bureau of Prisons. Because Bard entered an open plea and did not waive his right both to appeal or seek post-conviction relief, he now moves the Court to set aside his guilty plea and conviction for the reason that events have since taken place leaving him to suffer differently than other similar situated defendants, all in violation Equal Protection under

1

the law pursuant to the Fifth Amendment of the United States Constitution.[1] The events are, but not limited to, the following events:

> **1. AT THE TIME OF DEFENDANT BARD'S GUILTY PLEA AND SENTENCING, HE WAS A MEMBER OF A CLASS COLOQUIALLY KNOWN AS THE "JANUARY 6TH DEFENDANTS."**
>
> **2. MEMBERS OF THE CLASS WERE PROSECUTED BY THE UNITED STATES DEPARTMENT OF JUSTICE UNDER CRITERIA DEVELOPED BY THE DEPARTMENT OF JUSTICE FOR "JANUARY 6TH DEFENDANTS," UNDER WHICH PROSECUTORIAL OBJECTIVES WERE DELINEATED AND APPLIED TO THE PARTICULAR CLASSES OF DEFENDANTS.**
>
> **3. ON JANUARY 20, 2025, DONALD J. TRUMP SUCCEEDED JOSEPH R. BIDEN AS PRESIDENT OF THE UNITED STATES.**
>
> **4. IMMEDIATELY UPON TAKING OFFICE, PRESIDENT TRUMP IMPLEMENTED A PARDON AND COMMUTATION POLICY THAT RADICALLY CHANGED THE POLICY OF THE UNITED STATES**

---

[1] "The Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." *United States v. Windsor,* 570 U.S. 744, 133 S.Ct. 2675, 2695, 186 L.Ed. 808 (2013); "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as the Fourteenth Amendment equal protection claims against state actors." *Weinberger v. Wiesenfied,"* 420 U.S, 636. 638 n.2, 95, S.Ct. 1225, 43 L.Ed 2d 514 (1975).

**DEPARTMENT OF JUSTICE WITH REGARD TO ALL "JANUARY 6TH DEFENDANTS."**

**5. WHEN IMPLEMENTED, THE PARDONS AND COMMUTATIONS POLICY HAD THE EFFECT OF CREATING DIFFERENT CLASSES OF "JANUARY 6TH DEFENDANTS." (A) THOSE ALREADY CONVICTED AND SERVING A SENTENCE WERE PARDONED OR HAD THEIR SENTENCES COMMUTED AND WERE BEYOND THE JURISDICTION OF THE COURT AT THE TIME TO SEEK TRADITIONAL POST-CONVICTION RELIEF. (B) WHILE OTHERS CONVICTED AND SENTENCED BUT WHO WERE WITHIN THE JURISDICTIONAL TIME PERIOD TO SEEK POST- CONVICTION RELIEF PURSUANT TO TITLE 28, UNITED STATES CODE, §2255 RESULTED IN THE CREATION OF ANOTHER CLASS OF JANUARY 6TH DEFENDANTS." (C), "JANUARY 6TH DEFENDANTS" THAT HAD NOT BEEN SENTENCED, HAD THEIR CRIMINAL PROSECUTIONS DISMISSED RESULTING IN YET ANOTHER CLASS OF "JANUARY 6TH DEFENDANTS."**

*Analysis*

Because Defendant KYLER J. BARD is a member of or a class of "January 6th Defendants" who suffers irrationally from others similarly situated, his conviction should be vacated under Equal Protection provisions of the Fifth Amendment to the United States Constitution. Under 28 U.S.C.A. §2255, a prisoner in custody under a federal sentence can move to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States. Alternatively, Defendant Bard moves for relief under the habeas corpus provisions of Title 28, United States Code §224.

Moreover, to succeed on an equal protection claim, the petitioner must demonstrate that they were treated differently from others who were similarly situated and that there was no rational basis for the different treatment. *Body v. Watkins,* 51 Fed.Appx. 807 (2002); *Daniels v. Dowling,* 731 Fed.Appx. 756 (2018) [5]; *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Consequently, some offenders received a pardon but continued to suffer from a felony conviction while others were relieved of the albatross of conviction. In *United States v. Noonan*, 906 F.2d 952 (1990)[1] "the court concluded that a presidential pardon does not eliminate the conviction or create a factual fiction that the conviction did not occur. This principle was echoed in *United States v. McMichael,* 358 F. Supp.2d 644(2005) [2] where the court stated that a pardon does not entail the expungement of judicial records or negate the facts of the underlying conviction.

Moreover, to succeed on an equal protection claim, the petitioner must demonstrate that they were treated differently from others who were similarly situated and that there was no rational basis for the difference in treatment *Body v. Watkins,* 51 Fed.Appx. 807, 811 (2002). Here, for the purpose of this motion, the distinctions between the identified classes exist without a difference or a rational basis. Those who were lucky enough to not have been sentenced will enjoy a future without the menace of a lifetime of trying to overcome the burden of conviction, while others who have been adjudicated will suffer inordinately because of the eccentricities of time alone.

Defense Counsel has conferred with the Government on this motion. At this time, the Government does <u>not</u> join in with this request.

4

WHEREFORE, Defendant KYLER J. BARD moves the Court to set aside his conviction and sentence in this cause of action and for such other relief as may be just and proper.

Respectfully Submitted

_____/s/Joseph S. Passanise_____
JOSEPH S. PASSANISE, MO Bar #46119
Attorney for Defendant

WAMPLER & PASSANISE
Attorneys at Law
2974 E. Battlefield
Springfield, MO  65804
joe@deewampler.com
PH: (417)882-9300
FAX: (417)882-9310

**Certificate of Service**

I hereby certify that on 28th day of January 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the U.S. Attorney, Washington, DC.

                                                  /s/Joseph S. Passanise
                                                  Joseph S. Passanise
                                                  Attorneys at Law