**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 23-CR-84 (APM)** |
| **KYLER JOSEPH BARD,** | |
| **Defendant.** | |

**UNITED STATES' UNOPPOSED MOTION FOR AN EXTENSION OF TIME**
**IN WHICH TO FILE ITS RESPONSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an extension of time in which to respond to defendant Kyler Bard's motion under 28 U.S.C. § 2255. The undersigned has contacted Bard's counsel, Joseph S. Passanise, Esq., who has indicated that he does not oppose this motion.

In support of its motion, the government states as follows. On May 28, 2024, Bard pleaded guilty to six crimes related to his conduct at the United States Capitol on January 6, 2021 (see 5/28/24 Minute Entry; Indictment (ECF 17); Statement of Offense (ECF 41)). The court sentenced Bard on November 15, 2024, and entered an amended judgment on December 10, 2024 (see 11/15/24 Minute Entry; Amended Judgment (ECF 57)). Before Bard self-surrendered to begin his term of incarceration, the President pardoned Bard, among others. *See* Executive Order dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, *available at* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-

1

january-6-2021/. The court thereafter determined that Bard "is no longer required to serve any custodial sentence" (1/27/25 Minute Order).

On January 28, 2025, Bard moved for postconviction relief under 28 U.S.C. § 2255 or, in the alternative, 28 U.S.C. § 2241 (Motion for Post Conviction Relief (ECF 65)). In his motion, Bard urged that "his conviction[s] should be vacated" (*id.* at 3). On February 18, the court ordered the government to respond to Bard's motion by March 18, 2025 (2/18/25 Minute Order).

On March 5, 2025, the government moved the court to dismiss the indictment with prejudice (United States' Motion to Dismiss (ECF 67)). The court has not yet ruled on the government's motion.

If the court grants the government's motion to dismiss, it will render Bard's motion for postconviction relief moot: Bard's convictions will be vacated and the case against him dismissed with prejudice. The government thus respectfully requests a continuance of time in which to respond to Bard's motion until the court has ruled on the government's motion to dismiss. The government asks the court to enter the attached order giving it 30 days from the time of the court's ruling to respond to Bard's motion.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866


_____/s/_____
Daniel J. Lenerz, DC Bar #888283905
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically with the Court and served via CM/ECF and email on counsel for the defendant, Joseph S. Passanise, Esq., Joe@deewampler.com, on this 18th day of March, 2025.

___/s/ Daniel J. Lenerz_____
DANIEL J. LENERZ
Assistant United States Attorney