IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:23-cr-00084 |
| ) | |
| KYLER J. BARD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO THE UNITED STATES
OPPOSITION TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF**

COMES NOW Defendant KYLER J. BARD, by counsel, Joseph S. Passanise, and for his response to the United States Opposition to Defendant's Motion for Post-Conviction Relief pursuant to Title 28, United States Code §2255 or, in the alternative, Title 28, United States Code §2241, states as follows:

Plaintiff's opposition to Defendant's Motion for Post Conviction Relief essentially raises two points.

1. Defendant KYLER BARD does not meet the custodial requirements implicit in a Title 28 United States Code 2255 or 2241 actions.

2. Defendant Bard's claim does not rise to a violation of the Equal Protection Clause under the 5th Amendment.

*The Custodial Requirement*

The terminology of "in custody" under 28 U.S.C. § 2255 post-conviction motions does apply to forms of restraint beyond physical incarceration. Courts have consistently interpreted the "in custody" requirement in habeas corpus actions, including those under § 2255, to encompass various legal and physical restraints that significantly restrict an individual's liberty.

1

The Supreme Court has emphasized the expansive nature of the "in custody" requirement in habeas corpus proceedings. "Within the last decade *habeas* jurisdiction has expanded greatly, and the remedy has been applied to situations in which the petitioner has not been physically restrained in the traditional sense. In the landmark case of Jones v. Cunningham[1], the Court held that a parolee was 'in custody, because his liberty was significantly restrained by conditions such as reporting to a parole officer, restrictions on movement, and the threat of reincarceration for violations of parole conditions. *Eisel v. Secretary of the Army,* 477 F.2d 1251, 1260 (1973)." Similarly, in *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) the Court determined that a petitioner released on personal recognizance pending trial was "in custody" due to obligations to appear in court, restrictions on movement, and the possibility of confinement for noncompliance. *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 300, 104 S.Ct. 1805 (1984).

The Supreme Court has further clarified that "in custody" does not require physical confinement. In *Maleng v. Cook,* 490 U.S. 488, 491 (1989), the Court stated that habeas petitioners need not be physically confined to challenge their sentences, as long as their liberty is restrained under the conviction or sentence being attacked.

The concept of "custody" has been extended to include constructive custody, where the respondent imposes significant restraints on the petitioner's liberty. In *Abu Ali v. Ashcroft,* 350 F.Supp.2d 28, 39-40 (2004), the court noted that habeas jurisdiction exists even when the petitioner is not in physical custody, as long as the respondent's actions result in continuing collateral disabilities or legal restraints.

---

[1] *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)

This interpretation aligns with the principle that habeas corpus is a flexible remedy designed to address various forms of governmental restraint on liberty *Abu Ali v. Ashcroft,* 350 F.Supp.2d 28, 39-40 (2004). In *Abu Ali* the court repeatedly pointed out:

> There is no principle more sacred to the jurisprudence of our country or more essential *39 to the liberty of its citizens than the right to be free from arbitrary and indefinite detention at the whim of the executive. As recently as this year, the Supreme Court reaffirmed "the fundamental nature of a citizen's right to be free from involuntary confinement by his own government without due process of law." *Hamdi,* 124 S.Ct. at 2647.

The Supreme Court has similarly advised that the writ should remain unimpaired and accessible to individuals whose liberty is restrained, regardless of the form of custody. *Id.*

Moreover, the "in custody" requirement under 28 U.S.C. § 2255 encompasses forms of restraint beyond physical incarceration. In the United States Court of Appeals for the District of Columbia Circuit in *Stewart v. Overholser,* the court stated that habeas corpus is a proceeding where a liberal judicial attitude is particularly appropriate due to the writ's broadly remedial nature. *Stewart v. Overholser,* 186 F.2d 339, 342 (1950). This is especially true when it comes to legal restrictions that significantly limit an individual's liberty, such as the burden of carrying a lifelong felony conviction in this case.

The circumstances in this case would appear to be unique in that rarely have prosecutions and convictions taken a 180-degree turn in such short order, going from guilty plea to sentencing to a presidential pardon before incarceration in a matter of a few months. Given the procedural history, defendant believes the issue devolves into the nature of a presidential pardon and whether the remnants of a pardon constitute a restraint on Defendant Bard.

A presidential pardon does not erase the underlying conviction but is instead an act of forgiveness that exempts the individual from the punishment associated with the crime. The legal effect of a pardon has been addressed in various cases and regulations, which consistently affirm that a pardon does not nullify the fact of the conviction or the guilt associated with the offense. The Supreme Court has long held that a pardon is an act of grace that exempts the individual from punishment but does not erase the conviction or the guilt associated with the offense. In *United States v. Wilson*, Chief Justice Marshall described a pardon as "an act of grace, proceeding from the power entrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed" *U.S. v. Wilson,* 32 U.S. 150, 160 (1833). Similarly, in *In re North*, the court concluded that a presidential pardon does not eliminate the conviction or create any "factual fiction" that the conviction had not occurred. *In re North,* 62 F.3d 1434, 1435-1436 (1994) )[3]. This principle was reiterated in *United States v. Flynn*, where the court stated that a pardon "does not blot out guilt or expunge a judgment of conviction. "*United States v. Flynn,* 507 F.Supp.3d 116, 136 (2020).

Courts have also clarified that a pardon does not necessarily affect the admissibility of a prior conviction in subsequent legal proceedings. In *Richards v. U.S.,* the court held that a pardon does not prevent a prosecutor from using a prior conviction to impeach a defendant's credibility, as the conviction remains a fact that can be considered by the jury. *Richards v. U.S.* 192 F.2d 602, 607-608 (1951). Furthermore, in *United States v. Benton,* the court found no error in admitting evidence of a pardoned conviction in a subsequent prosecution, emphasizing that the pardon did not address the defendant's innocence or rehabilitation *United States v. Benton,* 98 F.4th 1119, 1129 (2024)

A presidential pardon is an act of forgiveness that exempts the recipient from punishment but does not erase the conviction or the associated guilt. While it may restore certain rights or lead to the vacatur of a conviction under specific circumstances, the fact of the conviction remains a part of the individual's legal history.

It is from this premise that Defendant Bard argues even though his crime has been pardoned, he will continue to suffer in a variety of ways from the fact of conviction. It is undeniable that anyone convicted of a felony in the United States will be negatively affected by it. As shown above, the albatross of conviction will continue to exist and punish a defendant even if pardoned.

*The Fifth Amendment*

The Government contends that the *Fifth Amendment* to the United States Constitution does not allow Defendant Bard's invocation of the Equal Protection Clause as imputed from the *14th Amendment.* This topic was previously discussed in defendant's motion for post-conviction relief and is repeated here in response to the government's criticism:

Because Defendant KYLER J. BARD is a member or of a class of "January 6th Defendants" who suffers irrationally from others similarly situated, his conviction should be vacated under Equal Protection provisions of the Fifth Amendment to the United States Constitution. Under 28 U.S.C.A. §2255, a prisoner in custody under a federal sentence can move to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States. Alternatively, Defendant Bard moves for relief under the habeas corpus provisions of Title 28, United States Code §224.

5

Moreover, to succeed on an equal protection claim, the petitioner must demonstrate that they were treated differently from others who were similarly situated and that there was no rational basis for the different treatment. *Body v. Watkins,* 51 Fed.Appx. 807 (2002); *Daniels v. Dowling,* 731 Fed.Appx. 756 (2018) [5]; *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Consequently, some offenders received a pardon but continued to suffer from a felony conviction while others were relieved of the albatross of conviction. In *United States v. Noonan*, 906 F.2d 952 (1990)[1] ". . . .the court concluded that a presidential pardon does not eliminate the conviction or create a factual fiction that the conviction did not occur. This principle was echoed in *United States v. McMichael,* 358 F. Supp.2d 644(2005) where the court stated that a pardon does not entail the expungement of judicial records or negate the facts of the underlying conviction.

To succeed on an equal protection claim, the petitioner must demonstrate that they were treated differently from others who were similarly situated and that there was no rational basis for the difference in treatment *Body v. Watkins,* 51 Fed.Appx. 807, 811 (2002). Here, for the purpose of this motion, the distinctions between the identified classes exist without a difference or a rational basis. Those who were lucky enough to not have been sentenced will enjoy a future without the menace of a lifetime of trying to overcome the burden of conviction, while others who have been adjudicated will suffer inordinately because of the eccentricities of time alone.

In summary, there are at least three classes of January 6th offenders, some of whom have been treated differently. The fact that certain members suffer more or less for no substantive reason except that chronologically they received a benefit or a detriment based only on the passage of time.

For all the foregoing reasons, Defendant Bard moves the Court to overrule the United States Opposition to Defendant's Motion for Post-Conviction Relief pursuant to Title 28, United States Code §2255 or, in the alternative, Title 28, United States Code §2241.

Respectfully Submitted,

_____/s/Joseph S. Passanise_____
JOSEPH S. PASSANISE, MO Bar #46119
THOMAS D. CARVER, MO Bar #23319
JAMES R. HAYES, MO Bar #61213
Attorneys for Defendant

WAMPLER & PASSANISE
Attorneys at Law
2974 E. Battlefield
Springfield, MO  65804
joe@deewampler.com
tom@deewampler.com
james@deewampler.com
PH: (417)882-9300
FAX: (417)882-9310

## Certificate of Service

      I hereby certify that on 12th day of December 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the U.S. Attorney, Washington, DC.

                                                    _____/s/Joseph S. Passanise_____  
                                                   Joseph S. Passanise  
                                                   Thomas D. Carver  
                                                 James R. Hayes  
                                                 Attorney at Law