UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 23-cr-84 (APM) |
| KYLER JOSEPH BARD, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER

Defendant's petition for habeas relief, ECF No. 65, is denied because he was not "in custody" at the time he filed his petition. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989). The President had pardoned him by then, thereby "releas[ing] [him] from the consequences of his offence . . . ." *Knote v. United States*, 95 U.S. 149, 153 (1877). Because "the sentence imposed for [his] conviction" had "*fully expired* at the time at the time his petition [was] filed," he was not "in custody" for purposes of securing habeas relief. *Maleng*, 490 U.S. at 491.

Defendant nevertheless contends that he remained "in custody" post-pardon because "the fact of the conviction remains a part of [his] legal history," "he will continue to suffer in a variety of ways from the fact of conviction," and he "will be negatively affected by it." Def.'s Resp. to U.S. Opp'n to Def.'s Mot. for Post Conviction Relief, ECF No. 75, at 5. But such inchoate consequences are not enough to establish "in custody" status. Once, as here, "the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Accordingly, Defendant's motion for post-conviction relief, ECF No. 65, is hereby denied.

Date: January 26, 2026

Amit P. Mehta
United States District Judge